May Term, 1850.

HOBBS
v.
BEAVERS.

HOBBS v. BEAVERS.

A sheriff in making sale upon execution is not obliged to take the bid of an irresponsible person.

*Held*, that, to render a sheriff's sale void, on account of the property being sold to a person who was not the highest bidder, (a person unknown, having bid 10 dollars higher than the purchaser,) it was necessary to prove that the sheriff acted fraudulently, and the person offering to bid higher was responsible.

*Monday, June 24.*

ERROR to the *Lagrange* Circuit Court.

SMITH, J.—This was an action of disseizin brought by *Beavers* against *Hobbs*. Verdict and judgment for the plaintiff.

The plaintiff having proved his title to the land in controversy by certain deeds dated in 1836, rested his case.

The defendant claimed the premises in controversy by virtue of a sheriff's deed made pursuant to a sale under an execution which had issued upon a judgment in favor of one *Fury* against the plaintiff and others.

The main question being whether the sale under the execution was valid, some parol testimony was offered, with the view of proving that the sale was fraudulent, because a higher bid was offered than that at which the premises were struck off to the defendant, *Hobbs*. It was proved that a stranger, unknown to any of the parties, bid 10 dollars higher than *Hobbs;* but the sheriff, at the suggestion of the attorney for the execution-plaintiff, refused to cry the bid unless the said stranger would make himself known, or give some evidence of his ability to conform to the terms of the sale.

With reference to this evidence, the Court instructed the jury that they had a right to inquire into the improper conduct of the sheriff who made the sale, and if they found it was not made to the highest bidder, but that another person bid 10 dollars higher, and the attorney of the execution-plaintiff, in the presence of *Hobbs*, the defendant, prevented it from being taken by the sheriff, the plaintiff in this suit would be entitled to recover.

We think this instruction was improper, and calculated

to mislead the jury. There was no evidence of any im-
proper conduct of the sheriff, and the mere fact that some
one bid 10 dollars higher than the purchaser to whom the
property was struck off, would not necessarily render the
sale void. A sheriff in making sales upon execution is
not obliged to take the bid of an irresponsible person;
and to prove that he acted fraudulently in refusing to cry
a bid under circumstances like those in this case, it should
at least be shown that the person offering to bid was re-
sponsible.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

*J. B. Howe* and *W. H. Combes*, for the plaintiff.
*H. Cooper*, for the defendant.